FILED
John E. Triplett, Clerk of Court
United States District Court
By LoganHerb at 9:52 am, Jan 27, 2023

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| JOSHUA CANFIELD,<br>    Plaintiff,<br><br>v.<br><br>RICHMOND COUNTY<br>CONSTRUCTORS, LLC.<br>    Defendant. | Civil Action File<br>No. CV123-10<br><br>JURY TRIAL<br>DEMANDED |

## COMPLAINT

COMES NOW, Plaintiff, Joshua Canfield, by and through undersigned counsel, Barrett & Farahany LLP, and hereby files suit against Defendant, Richmond County Constructors, LLC, showing the Court as follows:

### Introduction

1. This is an action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et seq.* ("Title VII"), and the Family Medical Leave Act, 29 U.S.C. §2615 *et seq.*

### Parties

2. Mr. Canfield is a resident of Clayton County, Alabama.

3. Richmond County Constructors "RCC" is a Delaware Corporation.

4. RCC is registered as a Georgia business and may be served with process through its registered agent at 2985 Gordy Parkway, Floor 1, Marietta, Georgia, 30066.

5. RCC employs over 500 employees.

## Jurisdiction and Venue

6. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

7. Venue is proper in the Court because the Defendant is located within the Augusta Division of the Southern District of Georgia.

8. Venue is proper in this Court because the practices described herein occurred within the Augusta Division of the Southern District of Georgia.

## Statement of Facts

9. Mr. Canfield began working for the employer on September 30, 2019.

10. Mr. Canfield's position for employer was as a Welder/Ironworker.

11. Mr. Canfield has a mental health impairment.

12. Plaintiff has a daughter who is a minor.

13. Plaintiff's daughter has a mental health impairment.

14. Plaintiff wore gender non-conforming clothing outside of work.

15. Plaintiff's visitation rights with regard to his daughter specifically instruct him that he cannot leave his daughter with anyone besides him during his visitation.

16. On one occasion, Plaintiff presented an amended visitation agreement to an the owner of RCC, Jim Dale.

17. At the time that he presented the visitation agreement to Dale, Plaintiff was wearing purple nail polish.

18. Dale looked at the visitation agreement, then looked at Plaintiff's nail polish, and angrily stated, "We're not approving anything."

19. Plaintiff's job steward was present at the time of the events described in Paragraphs 16-18.

20. In early 2021, Plaintiff spoke with Ms. Jennifer Helgren of the Defendant's Labor Relations department.

21. Plaintiff requested Ms. Helgren provide him with a family FMLA packet due to his daughter's serious mental health condition.

22. Plaintiff was provided with an individual leave packet instead of a family medical leave packet.

23. The individual leave packet provided to Plaintiff would only cover his individual mental health issues.

24. Mr. Canfield personally notified Ms. Helgren that he had been provided with the incorrect FMLA packet.

25. Ms. Helgren responded to Mr. Canfield's notification, stating that she had already given Mr. Canfield a packet.

26. Ms. Helgren refused to give Mr. Canfield another FMLA packet.

27. Mr. Canfield repeatedly attempted to get the correct FMLA packet, but he was not provided with one.

28. Due to the stress of being unable to take leave to care for his daughter, Plaintiff's mental health condition worsened.

29. Because Plaintiff was already in possession of an individual FMLA packet, Plaintiff began working with his counselor to fill out the packet for his own worsening mental health.

30. On or about June 23, 2021, Mr. Canfield called Defendant to inform them that his FMLA paperwork had been sent.

31. During the duration of his leave, Plaintiff consistently updated his immediate supervisors of his status.

32. During the duration of his leave, Plaintiff consistently updated his Job Steward of his status.

33. Plaintiff was cleared to return to work on July 19, 2021.

34. On July 19, 2021, Plaintiff received a Separation Notice from Defendant.

35. Plaintiff's separation notice indicated that he had been terminated effective May 6, 2021.

36. Defendant's separation notice to Plaintiff indicated that he was terminated for violation of an attendance policy.

37. However, Plaintiff was on medical leave at the time that he was terminated.

38. Upon information and belief, similarly situated female employees of RCC were not terminated for taking leave to care for their children.

39. Upon information and belief, similarly situated female employees were not terminated for wearing nail polish.

40. Upon information and belief, similarly situated female employees were not terminated for wearing women's clothing.

41. Defendant's stated reason for terminating Plaintiff is a pretext for unlawful discrimination and retaliation.

**CLAIMS FOR RELIEF**
**COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

42. Plaintiff re-alleges paragraphs 1-41 as if set forth fully herein.

43. Plaintiff has mental impairments which substantially limit one or more major life activities such as concentrating.

44. Plaintiff's mental impairments are disabilities under the ADA..

45. Defendant was aware of at least one of Plaintiff's disabilities.

46. Defendant also regarded Plaintiff as disabled.

47. Plaintiff's daughter has mental impairments which substantially limit one or more major life activities such as concentrating.

48. Plaintiff also has a record of having a disability or perceived disability.

49. Defendant was aware that Plaintiff had a record of having a disability or perceived disability.

50. Plaintiff was qualified to perform the Welder/Ironworker role.

51. At all times relevant to this action, Plaintiff was a qualified individual with a disability as that term is defined by the ADA.

52. Defendant terminated Plaintiff because of his disability, perceived disability or record of having a disability.

53. Defendant terminated Plaintiff because of his need for a reasonable accommodation to treat or otherwise manage his disabilities.

54. In terminating Plaintiff for the aforementioned reasons, Defendant violated the ADA, as amended.

55. Although Defendant purports to provide a legitimate non-discriminatory reason, that reason is a pre-text for disability discrmination.

56. Defendant treated other employees who were not disabled, not regarded as disabled, or had no record of a disability better than Plaintiff was treated.

57. Defendant's actions in subjecting Plaintiff to materially less favorable terms and conditions of employment constitutes unlawful discrimination on the basis of the Americans with Disabilities Act.

58. Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

59. The effect of Defendant's conduct has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

60. As a direct and proximate result of Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

61. As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

62. Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys'

fees, costs of litigation and all other relief recoverable under the ADA, as amended.

63. Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to Plaintiff federally protected rights.

64. Plaintiff is entitled to compensatory and punitive damages.

## COUNT II: FMLA RETALIATION

65. Plaintiff re-alleges paragraphs 1-41 if set forth fully herein.

66. Defendant is an employer as defined by the FMLA.

67. Plaintiff was eligible for FMLA leave when he requested and took it.

68. Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave persuant to the FMLA.

69. Plaintiff had been employed by Defendant for more than 12 months.

70. Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

71. Plaintiff was entitled to medical leave and other protections pursuant to the FMLA.

72. Plaintiff had a medical condition that required him to take time off work.

73. Plaintiff had a serious medical condition as defined by the FMLA.

74. Plaintiff's daughter had a medical condition that required him to take time off work to care for her.

75. Plaintiff's daughter had a serious medical condition as defined by the FMLA.

76. Defendant received notice of Plaintiff's need for protected medical leave.

77. However, once Plaintiff attempted returned to full time work, Defendant retaliated against him by terminating his employment.

78. Plaintiff's termination was causally related to his attempt to exercise or exercising his rights to protected medical leave.

79. Plaintiff's termination consitutes unlawful retaliation based on his attempt to take and taking of protected medical leave.

80. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT III: FMLA INTERFERENCE

81. Plaintiff re-alleges paragraphs 1-41 if set forth fully herein.

82. Defendant is an employer as defined by the FMLA.

83. Plaintiff was eligible for FMLA leave when he requested and took it.

84. Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding his request for medical leave persuant to the FMLA.

85. Plaintiff had been employed by Defendant for more than 12 months.

86. Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

87. Because Plaintiff was an eligible employee, he was entitled to medical leave and other protections pursuant to the FMLA.

88. Plaintiff's daughter had a medical condition that required Plaintiff to take time off work to care for her.

89. Defendant received notice of Plaintiff's need for protected medical leave.

90. Defendant declined to provide Plaintiff with the necessary paperwork to take FMLA leave for his daughter.

91. Defendant declined to allow Plaintiff FMLA leave.

92. Defendant interfered with rights protected under the Family Leave Medical Act, entitling Plaintiff to all appropriate relief under the statute.

93. As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

## COUNT IV: TITLE VII GENDER DISCRIMINATION

94. Plaintiff re-alleged paragraphs 1-41 if set forth fully herein.

95. Plaintiff is a member of a protected class, i.e. he is a gender non-conforming man.

96. Title VII prohibits Defendant from discriminating against Plaintiff based on gender.

97. Defendant violated Plaintiff's rights under Title VII by terminating him due to his protected characteristic. Plaintiff's gender was a determinative factor in Defendant's decision to terminate his employment.

98. Plaintiff was terminated for taking leave to care for his minor daughter.

99. Similarly situated women who also requested leave to care for their children were not terminated.

100. Defendant intentionally discriminated against Plaintiff on the basis of his gender in violation of Title VII.

101. As a direct and proximate result of Defendant's actions and omissions, Plaintiff has suffered damages, including lost wages, emotional distress, humiliation and other indignities.

102. Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's actions toward Plaintiff were undertaken in bad faith.

103. The acts and omissions of Defendant were willful, malicious and in reckless disregard of Plaintiff's federally protected rights entitling Plaintiff to punitive damages.

104. Defendant is liable for the damages caused by its discrimination against Plaintiff.

## Prayer for Relief

WHEREFORE Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendant violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for reinstatement or front pay, back pay plus interest, exemplary damages, compensatory damages for emotional distress and harm to reputation, punitive damages, attorney fees, and litigation costs; and

D. For any such other and further relief as the Court deems proper and just.

Respectfully submitted this 26th day of January, 2023,

**BARRETT & FARAHANY**

/s/ *Matthew C. Billips*
Matthew C. Billips
Georgia Bar. No. 057110
Micah Barry, JD, Ph.D.
(pro hac vice application to be filed)

*Counsel for Plaintiff*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com
micah@justiceatwork.com